UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELEON NELSON,

        Petitioner,                      Case Number: 2:11-CV-14734

v.                                                HON. AVERN COHN

JEFFREY WOODS,

        Respondent.
_____/

**MEMORANDUM AND ORDER
DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND
DENYING A CERTIFICATE OF APPEALABILITY**

**I. Introduction**

This is a habeas case under 28 U.S.C. § 2254. Petitioner DeLeon Nelson (Petitioner) is a state inmate at the Chippewa Correctional Facility in Kincheloe, Michigan. Petitioner filed a pro se petition for a writ of habeas corpus challenging his convictions for second-degree murder and assault with intent to murder. Respondent, through the Attorney General's office, filed a response, arguing that Petitioner's claims are procedurally defaulted and/or without merit. For the reasons which follow, the petition will be denied for lack of merit.

**II. Background**

**A. Facts**

The Michigan Court of Appeals provided a factual overview of the case, which is presumed correct on habeas review, see Monroe v. Smith, 197 F. Supp. 2d 753, 758

(E.D. Mich. 2001), aff'd. 41 F. App'x 730 (6th Cir. 2002), as follows:

> [DeLeon Nelson and co-defendant Terance Ponder's] convictions arise from the shooting death of David Griffin, Jr., and the nonfatal shooting of Marvin McNeary, at a Detroit restaurant during the early morning hours of March 25, 2007. The shots were fired through the restaurant's windows from a vehicle parked outside the restaurant. Two restaurant employees testified that both defendants were inside the restaurant shortly before the shooting began. One of the men who was with both victims, Keith Bassett, also testified that he saw both defendants inside the restaurant and then saw them inside a black Jeep just before the shooting began. According to Bassett, Nelson drove the Jeep to a position just outside the restaurant's window and, as the traffic on the road cleared, Ponder fired an AK–47 assault rifle from the Jeep into the restaurant. Nelson testified that he was at the restaurant with Ponder, but claimed that he left and drove home before the shooting occurred. Nelson also claimed that he was driving his brother's Caprice on the night of the shooting. Ponder did not testify at trial.

People v. Nelson, No. 281567, 2010 WL 785925 at *1 (Mich. Ct. App. March 9, 2010).

## B. Procedural History

Petitioner was tried with co-defendant Terance Ponder before a single jury in Wayne County Circuit Court. Petitioner was acquitted of first-degree premeditated murder, but convicted of second-degree murder and assault with intent to commit murder. On September 14, 2007, he was sentenced to 18 to 36 years' in prison for the second-degree murder conviction and 10-1/2 to 25 years' in prison for the assault conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals. He raised these claims through counsel:

    I.     Appellant's second-degree murder and assault with intent to murder convictions are a denial of due process where the evidence was insufficient to support the verdicts.

    II.    The trial court abused its discretion and denied Appellant a fair trial by admitting an assault rifle as demonstrative evidence which was more

      prejudicial than probative.

III.     Appellant was denied his constitutional right to present a defense by forcing him to choose to have the jury instruction on any two of his three defenses.

Petitioner filed a pro-per supplemental brief raised these claims:

I.     DeLeon Nelson was denied a fundamentally fair trial by the many areas of prosecutorial misconduct.  Prosecutor Robert Stevens vouched/bolstered witnesses, misquoted testimony in closing, interjected issues way beyond guilt or innocence, appealed to the jury's sympathy, misquoted in closing, appealed to the jury's civic duty, and finally on cross examination questioned Mr. Nelson to comment on the prosecution's witnesses' credibility, more specifically cornered me, Nelson to call the prosecution's witnesses liars.  By the numerous misconducts, this issue must be reviewed under the cumulative effect.  There was clear violation to Mr. Nelson's right to a fundamentally fair trial.  U.S. Const Am V, XIV.  In alternate: Trial counsel's passive behavior has infringed upon appellant's right to a fair trial and did not allow Mr. Nelson . . . effective assistance of counsel.

II.     Mr. Nelson was denied . . . effective assistance of counsel.  Counsel failed to object to prosecutorial misconduct, and failed to file proper motions.  U.S. Const Am VI.

The Michigan Court of Appeals affirmed Petitioner's convictions.  People v. Nelson, No. 281567, 2010 WL 785925 (Mich. Ct. App. March 9, 2010).

Petitioner filed an application for leave to appeal to the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals.  The Michigan Supreme Court denied leave to appeal.  People v. Nelson, 488 Mich. 913 (Mich. Oct. 26, 2010).

Petitioner filed a motion for relief from judgment in the trial court raising claims unrelated to the pending habeas petition.  The trial court denied the motion, People v. Nelson, No. 07-8327-FC (Wayne County Cir. Ct. July 26, 2011), and Petitioner did not seek leave to appeal.

3

Petitioner then filed this habeas petition.  He raises these claims:

I.  The Michigan Court of Appeals unreasonably applied <u>Jackson v. Virginia</u>, in determining that the evidence was sufficient to prove that the petitioner was the driver of the jeep, and properly identified as such, and that he sought to aid and abet the shooter even if he was the driver, by the manner in which the Jeep was backed out of its parking spot, paused, then driven away as the shooting ceased.

II. The Michigan Court of Appeals unreasonably applied <u>Donnelly v. DeChristoforo</u>, and other Supreme Court precedent in determining that the prosecutor did not commit misconduct which denied the petitioner a fair trial by: (1) his vouching for and bolstering the credibility of the police and witness Kevin Bassett, (2) his misquoting of Rachel Estill's, and Keith Bassett's testimony during closing argument, (3) his appealing to the sympathy of the jurors, (4) his questioning of the petitioner in such a way as to cause him to comment on the credibility of witness Keith Bassett, (5) his interjecting of issues into the trial beyond the scope of guilty or innocence of the petitioner, (6) his misquoting of the law to the jury.

III. The Michigan Court of Appeals unreasonably applied <u>Strickland v. Washington</u>, in determining that trial counsel did not render ineffective assistance where he failed to object to the instances of misconduct by the prosecutor set forth in argument II, where it found that the conduct at issue was not improper.

### III.  Standard of Review

Petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).  The AEDPA provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented

in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).  "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." Wiggins v. Smith, 539 U.S. 510, 520 (2003) (quoting Williams, 529 U.S. at 413).  However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" Wiggins, 539 U.S. at 520-21 (citations omitted); see also Williams, 529 U.S. at 409.  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, __ U.S. __, 131 S. Ct. 770, 789 (2011), quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).  "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being

presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. See Williams, 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." Stewart v. Erwin, 503 F.3d 488, 493 (6th Cir. 2007), citing Williams v. Bowersox, 340 F.3d 667, 671 (8th Cir. 2003); Dickens v. Jones, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. Warren v. Smith, 161 F.3d 358, 360-61 (6th Cir. 1998).

## IV. Analysis

6

### A. Sufficiency of the Evidence

In his first habeas claim, Petitioner argues that the Michigan Court of Appeals' decision denying his claim that insufficient evidence was presented to establish his involvement in the charged crimes was an unreasonable application of Jackson v. Virginia, 443 U.S. 307, 319 (1979). Specifically, Petitioner argues that insufficient evidence was presented to establish that he was the driver of the Jeep or that he aided and abetted in the shooting.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970). On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319 (emphasis in original). In the habeas context, "[t]he Jackson standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" Brown v. Palmer, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16).

"Two layers of deference apply to habeas claims challenging evidentiary sufficiency." McGuire v. Ohio, 619 F.3d 623, 631 (6th Cir. 2010), citing Brown v. Konteh, 567 F.3d 191, 204-05 (6th Cir. 2009)). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Brown, 567 F.3d at 205, citing Jackson, 443 U.S. at

7

319). Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." Id.

Under Michigan law, the elements of second-degree murder are: (1) a death, (2) caused by an act of the defendant, (3) with malice, and (4) without justification or excuse. People v. Goecke, 579 N.W.2d 868, 878 (Mich. 1998). The malice element is satisfied "by showing that the defendant possessed the intent to kill, to do great bodily harm, or to create a high risk of death or great bodily harm with the knowledge that death or great bodily harm would be the probable result. . . . Malice can be inferred from evidence that a defendant intentionally set in motion a force likely to cause death or great bodily harm." People v. Djordjevic, 584 N.W.2d 610, 612 (Mich. Ct. App. 1998) (internal citation omitted). To prove the crime of assault with intent to commit murder under Michigan law, the prosecution must establish: (1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder. People v. Hoffman, 225 Mich. App. 103, 111; 570 N.W.2d 146 (1997). The intent to kill may be proven by inference from any facts in evidence. Id.

"To establish that a defendant aided and abetted a crime, a prosecutor must show that (1) the crime charged was committed by the defendant or some other person, (2) the defendant performed acts or gave encouragement that assisted the commission of the crime, and (3) the defendant intended the commission of the crime or knew that the principal intended to commit the crime at the time he gave aid and encouragement." Riley v. Berghuis, 481 F.3d 315, 322 (6th Cir. 2007), citing People v. Carines, 460 Mich.

750, 597 N.W.2d 130, 135 (1999). An "aider and abettor's state of mind may be inferred from all the facts and circumstances. Factors that may be considered include a close association between the defendant and the principal, the defendant's participation in the planning or execution of the crime, and evidence of flight after the crime." People v. Carines, 460 Mich. 750, 758 (1999). "The quantum of aid or advice is immaterial as long as it had the effect of inducing the crime." People v. Lawton, 196 Mich. App 341, 352 (1992).

The Michigan Court of Appeals first held that sufficient evidence was presented to identify Petitioner as involved in the commission of the offense. In reaching this holding, the court of appeals relied upon Bassett's testimony identifying Nelson as the driver of the vehicle from which the shots were fired and the testimony of two restaurant employees identifying Petitioner as the individual who was in the restaurant shortly before the shooting began. The Michigan Court of Appeals further held that the evidence was sufficient to show that Petitioner aided and abetted Ponder in the shooting:

> As previously indicated, Bassett identified Nelson as the driver of the vehicle from which the shots were fired. Bassett also testified that the weapon involved in the shooting was an AK-47 assault rifle, which is a larger weapon that is not easily concealed, thereby supporting an inference that Nelson was aware that Ponder was armed with a firearm. Bassett also testified that just before the shooting began, Nelson positioned the vehicle in front of the restaurant's window and remained there for a few minutes, until the traffic on the roadway cleared, at which point Ponder began shooting. Viewed in a light most favorable to the prosecution, the testimony supported an inference that Nelson purposefully positioned the vehicle to enable Ponder to have a clear shot through the restaurant windows, and that the two defendants waited until the traffic cleared before shooting, thereby allowing for a quick escape. The evidence was sufficient to prove that Nelson knowingly assisted Ponder in the commission of the crimes.

9

Nelson, 2010 WL 785925 at *2.

"A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." Matthews v. Abramajtys, 319 F.3d 780, 788 (6th Cir. 2003), (citing Marshall v. Lonberger, 459 U.S. 422, 434 (1983)). "A reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" McDaniel v. Brown, 558 U.S. 120, 133 (2010), (quoting Jackson, 443 U.S. at 326). According the state court's findings of fact a presumption of correctness, the Court concludes that the Michigan Court of Appeals' decision that sufficient evidence was presented for a finding of guilty of second-degree murder did not "result[] in a decision that . . . involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Petitioner is not entitled to federal habeas corpus relief with respect to this claim.

### B. Prosecutorial Misconduct

In his second habeas claim, Petitioner raises six claims of prosecutorial misconduct. Petitioner argues that prosecutor: (1) vouched for the credibility of the police witnesses and Kevin Bassett, (2) misquoted Rachel Estill's and Keith Bassett's testimony during closing argument, (3) appealed to the sympathy of the jurors, (4) asked Petitioner to comment on the credibility of witness Keith Bassett, (5) interjected issues into the trial beyond the scope of the guilt or innocence of the petitioner, and (6) shifted the burden of proof.

The "clearly established Federal law" relevant to a habeas court's review of a prosecutorial misconduct claim is the Supreme Court's decision in Darden v. Wainwright, 477 U.S. 168, 181 (1986). Parker v. Matthews, __ U.S.__, 132 S. Ct. 2148, 2153 (June 11, 2012). In Darden, the Supreme Court held that a "prosecutor's improper comments will be held to violate the Constitution only if they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Id. quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)). This Court must ask whether the trial court's (the last state court to address the merits) decision denying Petitioner's prosecutorial misconduct claims "'was so lacking in justification that there was an error well understood an comprehended in existing law beyond any possibility for fairminded disagreement.'" Id. at 2155, quoting Harrington, 562 U.S. at __, 131 S. Ct. at 786-87.

First, Petitioner argues that the prosecutor improperly vouched for the credibility of police witnesses and witness Kevin Bassett. Petitioner contends that the prosecutor attempted to bolster the police witnesses' testimony when, in closing argument, he stated that police had "solved" the case. Petitioner also agues that the prosecutor improperly vouched for Bassett's credibility when, in closing argument, he praised Bassett for coming forward and testifying, arguing that Bassett's testimony alone was sufficient for a guilty verdict.

Prosecutors may not vouch for a witness's credibility. Prosecutorial vouching and an expression of personal opinion regarding the accused's guilt "pose two dangers: such comments can convey the impression that evidence not presented to the jury, but known to the prosecutor, supports the charges against the defendant and can thus jeopardize the defendant's right to be tried solely on the basis of the evidence presented

11

to the jury; and the prosecutor's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence." United States v. Young, 470 U.S. 1, 18-19 (1985). In this case, the Michigan Court of Appeals found no improper vouching because the prosecutor's arguments were based on evidence presented at trial and did not suggest knowledge unknown to the jury. Nelson, 2010 WL 785925 at *6.

The Court agrees with the state court's assessment of the prosecutor's remarks. The prosecutor's arguments simply explored the evidence presented at trial and argued that the police investigation and Bassett's testimony all supported a guilty verdict. The prosecutor did not imply any special knowledge about the witnesses' veracity. As such, the prosecutor did not commit misconduct.

Second, Petitioner argues that the prosecutor misquoted Rachel Estill's and Keith Bassett's testimony during closing argument, when he stated that Estill's testimony corroborated Bassett's. The Michigan Court of Appeals held that the prosecutor did not improperly state the evidence. The Court agrees. Petitioner's interpretation of the prosecutor's argument in this regard is not supported by the transcript. The prosecutor accurately argued that Estill's and Bassett's testimony were not inconsistent. Thus, there was no misconduct.

Third, Petitioner argues that the prosecutor improperly appealed to the jurors' sympathy for the victims with the following arguments:

> Unfortunately, David Griffin was one of those individuals who was there. Mr. Bassett is left eternally in his mind, in his photographic memory, to view the fact that he saw his friend, person he knows, on the ground with

> a hole in his head and smoke coming out of his skull. You tell me if he'll ever forget that.
>
> * * *
>
> Marvin McNeary is at the counter with Mr. Griffin. Mercifully, Mr. Griffin died immediately. Mr. McNeary was struck with a shot that he didn't even see probably coming. And he was shot in the back. That is an assault with intent to murder, and [if] Mr. McNeary ends up dead, he would be the second count of murder in the first degree. But he, fortunately, survives.

Tr., 8/9/07, at 19-21.

The Michigan Court of Appeals held that the prosecutor's arguments were proper because they did not "involve an obvious plea to the jury to sympathize with the victims" and "did not invite the jurors to suspect their power of judgment and decide the case based on their sympathy for the victim." Nelson, 2010 WL 785925 at *6.

"[A]rguments that encourage juror identification with crime victims are improper." Johnson v. Bell, 525 F.3d 466, 484 (6th Cir. 2008). A prosecutor acts improperly when the prosecutor "calls on the jury's emotions and fears – rather than the evidence – to decide the case." Id. As the court of appeals reasonably concluded, the prosecutor's arguments in this case simply reviewed the evidence but did not ask the jury to convict on that basis. Thus, Petitioner is not entitled to relief on this ground.

Fourth, Petitioner argues that the prosecutor improperly asked him to comment on Bassett's credibility. The Michigan Court of Appeals rejected this claim, holding:

> Nelson also argues that the prosecutor improperly asked him to comment on the credibility of Bassett's testimony. "A prosecutor may not ask a defendant to comment on the credibility of prosecution witnesses because a defendant's opinion of their credibility is not probative." People v. Ackerman, 257 Mich. App. 434, 449, 669 N.W.2d 818 (2003). However, it is not improper for a prosecutor to ask the defendant to comment on whether he has a different version of the facts or to question the defendant to attempt to ascertain which facts are in dispute. Id. Viewed in context,

13

> the prosecutor's questions did not refer to Nelson's beliefs about Bassett's credibility, but rather involved an attempt to clarify which aspects of Bassett's version of events he disagreed with. This was not improper.

Nelson, 2010 WL 785925 at *6.

The record shows that the Michigan Court of Appeals neither unreasonably applied Darden nor unreasonably determined the facts in denying this claim. The Michigan Court of Appeals reasonably concluded based on the record that the prosecutor's questions did not ask Petitioner to comment on the credibility of the prosecution's witnesses, but, instead, permissibly asked Petitioner questions about the inconsistencies between his and Bassett's testimony. Moreover, Petitioner does not cite to clearly established United States Supreme Court precedent holding that a prosecutor engages in misconduct by asking a defendant to comment on the credibility of prosecution witnesses. The Michigan Court of Appeals' conclusion is not unreasonable or contrary to established precedent, and this prosecutorial misconduct claim therefore lacks merit.

Fifth, Petitioner argues that the prosecutor improperly injected issues into the trial beyond his guilt or innocence. Petitioner's argument in support of this claim is somewhat confused, but he appears to argue both that the prosecutor improperly argued that the shooting was part of a turf war between rival groups and appealed to the jury's civic duty to convince them to render a guilty verdict. The Michigan Court of Appeals denied this claim, holding that none of the challenged remarks were improper appeals to convict on the basis of civic duty or injected irrelevant arguments not supported by the evidence.

"'Unless calculated to incite the passions and prejudices of the jurors, appeals to

the jury to act as the community conscience are not per se impermissible.'" Byrd v. Collins, 209 F.3d 486, 539 (6th Cir. 2000) (quoting United States v. Solivan, 937 F.2d 1146, 1151 (6th Cir. 1991)). A prosecutor does not overstep by appealing to the jurors' sense of justice. Bedford v. Collins, 567 F.3d 225, 234 (6th Cir. 2009). The prosecutor's language was not inflammatory nor does it appear intended to incite passions or prejudices. Further, the trial court instructed the jury to base their decision only on the evidence and the law, not on their sympathies or prejudices. See Cameron v. Pitcher, 2001 WL 85893, *10 (E.D. Mich. Jan. 4, 2001) (holding that jury instruction advising jurors they were required to decide facts on basis of properly admitted evidence mitigated prosecutor's civic duty argument). The Michigan Court of Appeals' decision that the prosecutor's argument was not improper was neither contrary to nor an unreasonable application of clearly established federal law.

Finally, Petitioner argues that the prosecutor misstated the law on aiding and abetting and shifted the burden of proof to Petitioner. The Michigan Court of Appeals held that the prosecutor did not misstate Michigan law regarding aiding and abetting. "[S]tate courts are the ultimate expositors of state law." Mullaney v. Wilbur, 421 U.S. 684, 691 (1975). "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." Bradshaw v. Richey, 546 U.S. 74, 76 (2005). Therefore, the state court's decision that the prosecutor properly stated the law on aiding and abetting forecloses habeas relief on that portion of this claim.

The Michigan Court of Appeals also held that the prosecutor did not shift the burden of proof to Petitioner. The Michigan Court of Appeals held that the prosecutor

15

properly attacked the defense offered. "[P]rosecutors can argue the record, highlight the inconsistencies or inadequacies of the defense, and forcefully assert reasonable inferences from the evidence." Bates v. Bell, 402 F.3d 635, 646 (6th Cir.2005). The prosecutor's rebuttal did just that. It was not improper for the prosecutor to ask the jury to consider the different witnesses' motives for testifying and to point out the inconsistencies in Petitioner's testimony. The prosecutor's argument did not shift the burden of proof. The argument was a reasonable response to defense counsel's closing. Thus, the state court's decision that no prosecutorial misconduct occurred was not "so far out of line with the very general standard" established in Darden as to entitle Petitioner to habeas relief. Davis v. Lafler, 658 F.3d 525, 535 (6th Cir. 2011) (en banc).

### C. Ineffective Assistance of Counsel

Finally, Petitioner argues that his trial attorney was ineffective in failing to object to the alleged instances of prosecutorial misconduct discussed above and that the state court's holding to the contrary is an unreasonable application of Strickland v. Washington, 466 U.S. 668, 687 (1984).

To establish that he received ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner. Id. at 687 A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance." Id. at 689. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. at 687.

To satisfy the prejudice prong, a petitioner must show that "there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. A court's review of counsel's performance must be "highly deferential." Id. at 689. Habeas relief may be granted only if the state-court decision unreasonably applied the standard for evaluating ineffective-assistance-of-counsel claims established by Strickland. Knowles v. Mirzayance, 556 U.S. 111, 122-23 (2009). "The question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable – a substantially higher threshold." Id. at 123 (internal quotation omitted).

The Michigan Court of Appeals denied Petitioner's ineffective assistance of counsel claim because the prosecutor's conduct was not improper and counsel is not required to raise meritless objections. Nelson, 2010 WL 785925 at *7. As discussed above, Petitioner has not shown that the prosecutor engaged in misconduct. Therefore, he cannot show that his attorney was ineffective in not objecting to proper conduct. Habeas relief is therefore not warranted.

### V. Conclusion

For the reasons stated above, Petitioner's petition for a writ of habeas corpus is DENIED. Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed

further.  Accordingly, a certificate of appealability under 28 U.S.C. § 2253(c)(2) is

DENIED.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

      SO ORDERED.


                    S/Avern Cohn
                    AVERN COHN
                    UNITED STATES DISTRICT JUDGE

Dated:  September 24, 2013

Detroit, Michigan

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 24, 2013, by electronic and/or ordinary mail.

                    S/Sakne Chami
                    Case Manager, (313) 234-5160